IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMMY HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 09-32 |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
| INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff and as his Complaint against Defendant Ameriquest Mortgage Company, Inc. aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from a real estate loan transaction resulting in a mortgage upon Plaintiff's home, which is located in this district. The Plaintiff asserts claims against Defendant Ameriquest Mortgage Company, Inc. ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Plaintiff's claim arises from the same general conduct, seeks the same relief, relies upon the same legal theories, requires application of the same legal principals and requires the same or similar factual determinations. The Plaintiff alleges that AMC, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiff's statutory right to cancel

the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, the Plaintiff has retained his right to cancel the transaction. The Plaintiff has exercised that right by delivering written notice of his election to cancel in accordance with the requirements of TILA. As to the Plaintiff, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellations. The Plaintiff seeks a court determination that his loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiff is of full age of majority and resides in this district.

2. Ameriquest Mortgage Company, Inc. ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of

the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that the borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. As to the Plaintiff's loan, AMC failed to provide the required notices of the Plaintiff's right to cancel the loan. The form notices that were supplied to Plaintiff were blank, unsigned and not dated. At no point at or after closing was Plaintiff provided a completed, dated or signed notice of their right to cancel the transaction.

9. With respect to the Plaintiff's loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10. Pursuant to TILA, Section 15 U.S.C. §1635, Plaintiff has retained a right to rescind his mortgage with respect to his loan with AMC.

11. The Plaintiff has exercised his right to cancel the transaction and has notified AMC of his election to cancel as required by 15 U.S.C. § 1635. As to the Plaintiff, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

12. AMC is a "creditor" as that term is defined at 15 U.S.C. §1602(f).

**The Hughes Loan**

13. Plaintiff Timmy Hughes is an adult resident of Mobile County, Alabama and at all material times resided at 22 Dale Street in Saraland, Alabama.

14. On or about May 4, 2005, Mr. Hughes obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $80,750 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Hughes Loan").

15. AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

16. With respect to the Hughes Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17. As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Hughes retained his right to cancel the transaction.

18. By letter dated April 9, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

19. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT I
### TILA Violations - Hughes

21. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22. Plaintiff has properly and effectively cancelled and rescinded the Hughes Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23. Defendant has violated TILA, with respect to the Hughes Loan, in at least the following ways:

   (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

   (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Timmy Hughes respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Hughes Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

JAMES D. PATTERSON (PATTJ6485)
One of the Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama 36532
Telephone: 251.990.5558
Facsimile: 251.990.0626
E-mail: jpatterson@alalaw.com

EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama 36532
Telephone: 251.990.5558
Facsimile: 251.990.0626
E-mail: epunderwood@alalaw.com

KENNETH J. RIEMER
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633-1206
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company, Inc.
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104